## LAW OFFICES OF NOLAN KLEIN, P.A.  ATTORNEYS & COUNSELORS

**FLORIDA:** WELLS FARGO TOWER, SUITE 1500, ONE EAST BROWARD BLVD., FT. LAUDERDALE, FLORIDA 33301
PH: (954) 745-0588

**NEW YORK:** 347 WEST 36TH STREET, SUITE 805, NEW YORK, NEW YORK 10018
PH: (646) 560-3230

**Valerie K. Ferrier, Esq.**
ferrier@nklegal.com

September 21, 2016

**VIA CM/ECF**
Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl St., Courtroom 11B
New York, NY 10007-1312

> Re: *Response to Plaintiff's Request to Transfer Case*
> *Megna vs. Biocomp Laboratories, et. al., SDNY Case No. 16-cv-3845*

Dear Judge Marrero:

This firm represents Defendants, Biocomp Laboratories, Inc. and Blanche Grube, DMD, IMD ("Grube") in the above-captioned matter. For the following reasons, Defendants oppose Plaintiff's application to transfer this case to the District of Colorado (Docket Entry #18), and request that the Court dismiss the Complaint in its entirety.

As an initial matter, Plaintiff has failed to support his request for a change of venue, or to even cite a single statutory authority for doing so. Plaintiff's tacit admission that this case cannot be maintained in this District is insufficient. Having failed to properly support his application for a change of venue, the application should be denied on that basis alone. *See, e.g., Hodge-Dahn v. Sanz*, 954 F. Supp. 54, 55 (E.D.N.Y. 1996) ("Plaintiffs … move to change venue under 28 U.S.C. § 1404 or to transfer this action under 28 U.S.C. § 1406 … on the basis that their attorney cannot substantiate the allegation made in the complaint that Defendant … is doing business in New York. However, under any authority, there is no basis for transfer, and dismissal is the appropriate action. … The plaintiffs have done nothing beyond assert that their attorney cannot substantiate that the defendant … does business in this District. Plaintiffs' failure to set forth

their arguments in a memorandum of points and authorities cannot shift the burden to the defendants to both articulate and respond to plaintiffs' arguments.")

Under 28 U.S.C. § 1404(a), transfer may be appropriate to another venue where the action might have been brought in the first instance, i.e., where venue would have been proper and the defendant would have been subject to personal jurisdiction. *Foster-Milburn Co. v. Knight*, 181 F.2d 949 (2d Cir. 1950); *Jordan v. U.S. Lines, Inc.*, 291 F.Supp. 600, 601 (S.D.N.Y. 1968).  However, as alleged in the Complaint at Paragraph 9, Defendant Grube is a resident of Pennsylvania.  She would not be subject to personal jurisdiction in Colorado, and Plaintiff offers no justification for subjecting her to litigation some 1,700 miles from her home.

Moreover, "[w]hen a plaintiff is a movant under Section 1404(a) he must show a change in circumstances since the filing of suit."  *Harry Rich Corp. v. Curtiss-Wright Corp.*, 308 F. Supp. 1114, 1118 (S.D.N.Y. 1969).  Plaintiff has not done this.  Indeed, nothing has changed since Plaintiff brought suit.  He has alleged no changes to justify his initial failure to properly venue this action.

The party requesting transfer bears the "burden of making out a strong case for transfer." *N.Y. Marine and Gen., Ins. Co. v. Lafarge N. Am., Inc.,* 599 F.3d 102, 114 (2d Cir. 2010).  *See also, e.g., Orb Factory, Ltd. v. Design Sci. Toys, Ltd.,* 6 F.Supp.2d 203, 208–09 (S.D.N.Y.1998) ("vague generalizations" insufficient basis to grant change of venue under § 1404[a]); *Great Western Mining & Mineral Co. v. ADR Options, Inc.*, 533 Fed. Appx. 132, 134 (3d Cir. 2013) ("The District Court denied Plaintiff's motion to change venue …[reasoning] that Plaintiff presented no grounds for transferring the action other than the concerns that the District Court had expressed in holding that venue in New Jersey was improper. The District Court noted that these concerns did not represent 'changed circumstances' [and in any event] had 'little merit'").

Plaintiff fails to establish that a change of venue is proper under the factors to be considered by a court making such a determination, i.e., for the convenience of the parties and to promote the interests of justice. *See, e.g., MasterCard Int'l Inc. v. Lexcel Solutions, Inc.,* 2004 WL 1368299, at *5 (S.D.N.Y. June 16, 2004); *Clarendon Nat'l. Ins. Co. v. Pascual,* 2000 WL 270862, at *2 (S.D.N.Y. Mar. 13, 2000); *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 347 (E.D.N.Y. 2012).

Change of venue is further unwarranted because this case is meritless, and should not be brought anywhere. As noted in *Stanifer v. Brannan*, 564 F.3d 455 (6th Cir. 2009),

> Here, the lawsuit so obviously lacks merit as to jurisdiction over these Defendants that it would be unfair to give Defendants anything less than the complete remedies that they request. … The 'interest of justice' analysis which might permit this court to exercise its discretion by transferring venue should not permit Plaintiff to resurrect a claim which might be lost due to a complete lack of diligence in determining the proper forum in the first instance. … <u>District courts often dismiss a case, rather than transfer it under Section 1406(a), if the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper and [the court decides] that similar conduct should be discouraged</u>. (emphasis added)

*Id*., at 457, 460 (quoting and affirming district court's dismissal of meritless case rather than transfer to venue where personal jurisdiction could be established against defendants, and collecting cases from several other circuits).

Courts in this Circuit likewise have dismissed improperly venued cases, rather than transfer. *See, e.g., Sheldon v. Khanal*, 2011 U.S. Dist. LEXIS 97570 (E.D.N.Y. Aug. 31, 2011) (dismissing under Rule 12(b)(1) rather than transferring venue); *Paredes v. City of New York*, 2002 U.S. Dist. LEXIS 17533 (S.D.N.Y. Sep't. 17, 2002) (dismissing under Rule 12(b)(6) rather than transferring venue).  It is respectfully requested that the Court adopt that tradition in the instant case, rather than transfer a case that should properly be dismissed.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**

By: <u>*Valerie K. Ferrier*</u>
       Valerie K. Ferrier VK0209