USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/16

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
RICHARD MEGNA,                      :
                                    :
                    Plaintiff,      :      16 Civ. 3845 (VM)
      - against -                   :
                                    :      DECISION AND ORDER
BIOCOMP LABORATORIES INC. AND       :
BLANCHE D. GRUBE, DMD, IMD,         :
                                    :
                    Defendants.     :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Richard Megna ("Megna") brings this action against Biocomp Laboratories, Inc. ("Biocomp") and Blanche D. Grube, DMD, IMD ("Grube," together with Biocomp, "Defendants") for copyright infringement. ("Complaint," Dkt. No. 1.) Megna creates stock photography images and alleges ownership of the rights to these photographs, which he then licenses for use by online and print publications. (Id. at 1.) Megna claims that Defendants copied, stored, modified, and displayed one of Megna's photographs on the website known as www.shslab.com ("Website"). (Id. at 1-2.) Megna alleges the following causes of action: (1) copyright infringement pursuant to 17 U.S.C. Section 501 et seq.; and (2) vicarious copyright infringement. (Id. at 5-7.) Megna seeks: (1) statutory damages against Defendants pursuant to 17 U.S.C. Section 504(c) of up to $150,000 per infringement or, in the alternative, actual damages and disgorgement of Defendants' wrongful profits;

(2) a permanent injunction pursuant to 17 U.S.C. Section 502; (3) attorney's fees pursuant to 17 U.S.C. Section 505; (4) costs; and (5) any other relief the Court deems just and proper. (Id. at 7.)

On August 12, 2016, the Court dismissed Megna's Complaint for lack of personal jurisdiction and granted him leave to file an amended complaint within 30 days addressing this jurisdictional deficiency. ("August 12 Order," Dkt. No. 17.) Instead of filing an amended complaint, Megna filed this Motion to Transfer Venue to the District of Colorado ("Motion to Transfer") on September 9, 2016. (Dkt. No. 18.) On September 21, 2016, Defendants filed an opposition to the Motion to Transfer and requested that the Court dismiss the Complaint in its entirety. ("Opposition," Dkt. No. 23.) For the reasons stated below, Megna's Motion is DENIED and the Complaint is DISMISSED.

I. **DISCUSSION**

A.  LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

2

The party requesting the transfer bears the burden of making a "strong case for transfer." New York Maine and Gen. Ins. Co. v. Lafarge North America, Inc., 599 F.3d 102, 113 (2d Cir. 2010).

In considering a motion to transfer venue, the inquiry is twofold. Smart Skins LLC v. Microsoft Corp., No. 14 Civ. 10149, 2015 WL 1499843, at *4 (S.D.N.Y. Mar. 27, 2015) ("The Second Circuit applies a two-part test to motions to transfer venue under § 1404(a).").

First, the court must determine whether the action could have been brought in the proposed transferee forum. See AEC One Stop Grp., Inc. v. CD Listening Bar, Inc., 326 F. Supp. 2d 525, 528 (S.D.N.Y. 2004) ("'The threshold question in deciding transfer of venue . . . is whether the action could have been brought in the transferee forum.'").

Second, if the action could have been filed in the proposed transferee district, the court must then determine whether transfer is appropriate. Courts typically consider nine factors in this regard: "(1) convenience of witnesses; (2) convenience of the parties; (3) location of relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative

3

familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice." Frame v. Whole Foods Mkt., Inc., No. 06 Civ. 7058, 2007 WL 2815613, at *4 (S.D.N.Y. Sept. 24, 2007).

"No one factor is dispositive and the relative weight of each factor depends on the particular circumstances of the case." Smart Skins LLC, 2015 WL 1499843, at *4. Furthermore, a "motion to transfer venue is not ordinarily granted at the request of the party who chose the forum in the first place." See Ferrostaal, Inc. v. Union Pacific Railroad Co., 109 F. Supp. 2d 146, 151 (S.D.N.Y. 2000) (internal quotation marks omitted). A plaintiff seeking to transfer venue, she "must show a change in circumstances since the filing of suit." See Harry Rich Corp. v. Curtiss-Wright Corp., 308 F. Supp. 1114, 1118 (S.D.N.Y. 1969); Ferrostaal, Inc. v. M/V EAGLE, Case No. 02-cv-1887(NRB), 2003 WL 21496689 at *2 (S.D.N.Y. June 30, 2003).

B.   APPLICATION

Megna has not met his burden to demonstrate the necessity of a transfer in this case. First, it is unclear whether the District of Colorado has personal jurisdiction over the Defendants. While Biocomp, a Colorado company, concedes the District of Colorado would have jurisdiction over it, Grube,

4

a resident of Pennsylvania, disputes that that Court would have jurisdiction over him. Megna has not alleged any facts that indicate Grube has contacts in Colorado sufficient to establish jurisdiction there.

Furthermore, Megna has not provided any reason justifying a transfer aside from curing the jurisdictional deficiencies in the Complaint. (Dkt. No. 18.) Megna chose to file the Complaint in New York. Megna has not alleged that there has been any change in circumstances since he initially filed the Complaint aside from the Court's finding that it lacked personal jurisdiction over the Defendants.

Megna has failed to establish that the District of Colorado would have jurisdiction over both Defendants and has not provided any facts justifying a transfer. Accordingly, Megna's Motion to Transfer is DENIED.

The Court has already concluded that Megna has not sufficiently alleged that it may exercise personal jurisdiction over Biocomp. (See August 12 Order.) Megna was given thirty (30) days to file an amended complaint addressing the jurisdictional deficiencies in his Complaint. (See id.) It has been over two months since the Court issued its order and Megna has not amended his Complaint. Consequently, the Complaint is DISMISSED.

## II. ORDER

5

For the reasons stated above, it is hereby

**ORDERED** that the Motion to Transfer (Dkt. No. 18.) of plaintiff Richard Megna ("Megna") is **DENIED**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1.) is hereby **DISMISSED**.

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**

Dated: New York, New York
       19 October 2016

VICTOR MARRERO
U.S.D.J.